IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOLA R. SEARCY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-CV-2252-D |
| VS. | § | |
| | § | |
| TTEC SERVICES CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Lola R. Searcy ("Searcy"), a Black female, sues her former employer, TTEC Services Corporation ("TTEC"), alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.; and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.[1] TTEC moves for summary judgment as to all of Searcy's claims. Concluding that Searcy has not created a genuine issue of material fact as to any of her claims and that TTEC is entitled to judgment as a matter of law, the court grants TTEC's motion for summary judgment and dismisses this action with prejudice by judgement filed today.[2]

---

[1]Searcy also alleges a claim under 42 U.S.C. § 1981a, but as the court explains below, *see infra* § IX, this provision does not create an independent cause of action.

[2]On February 7, 2025 TTEC filed an opposed motion for leave to file certain of its summary judgment exhibits under seal. Although the motion is identified as being opposed, Searcy has not responded to the motion. Accordingly, the court grants the motion and permits TTEC to file the exhibits under seal.

I

Searcy has been employed by TTEC at its Ennis, Texas call center since September 2013.[3]  In February 2018 she applied for the position of Head Trainer for Progressive Customer Service.  Although she did not receive the position for which she applied, she was hired to work as a Team Lead/Trainer with the understanding that, as the Progressive Customer Service program grew, she would serve as a trainer.

Searcy attended Progressive Customer Service training in Austin, Texas for six weeks. When she returned to TTEC, she asked Mitch Rector ("Rector"), who at the time was the Operations Manager, for the opportunity to train a new hire class.  On two separate occasions, however, Rector chose Caucasian Team Leads over Searcy to train the new hire class.

On July 16, 2020 Searcy was placed on a Performance Improvement Plan ("PIP") because she was "not meeting minimum performance expectations to be successful as a Team Lead at TTEC."  D. App. (ECF No. 35-2) at 88.  In October of that year, Mary Brown ("Brown"), who had replaced Rector as Operations Manager, asked Searcy if she was still

_____

The court concludes, however, that this memorandum opinion and order should not be filed under seal even though in some instances the court refers to and/or cites sealed evidence.

[3]In deciding TTEC's summary judgment motion, the court views the evidence in the light most favorable to Searcy as the summary judgment nonmovant and draws all reasonable inferences in her favor.  *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

interested in a trainer position.  Searcy informed Brown that she was interested, and Brown told Searcy that trainer positions would be opening up in December.  When Searcy emailed Brown in November to inquire about applying for the positions, however, Brown informed her that they had already been filled—again by two Caucasian employees—and that Searcy would have to apply through the website.

In February 2021 Searcy applied for a trainer position online.  She then emailed Brown to inquire "as to whether [she] should be applying for this position because it [was her] understanding that [she was] already a permanent trainer."  D. App. (ECF No. 34-1) at 99. In her response, Brown explained, *inter alia*, that "performance is a big part" of the decision to hire trainers, and that the fact that Searcy had been placed on a PIP "would have had some part in the decision."  *Id.* at 98.  Brown also told Searcy that her performance needed to be "exemplary" to secure a trainer position.  *Id.*  Searcy alleges that Caucasian employees were not held to this same high standard.

TTEC placed Searcy on a second PIP on February 16, 2021.  The following month, TTEC terminated Searcy's employment based on her failure to complete the goals outlined in the February 2021 PIP.

On December 31, 2021 Searcy filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  After receiving her Right to Sue letter, Searcy filed the instant lawsuit alleging claims against TTEC for disparate treatment, disparate impact, and retaliation under Title VII (counts 1-3); violation of the FLSA (count 4); age discrimination, in violation of the ADEA (count 5); and race discrimination in

violation of 42 U.S.C. § 1981a(a)(1) (count 6).

TTEC moves for summary judgment on all of Searcy's claims. Searcy opposes the motion, which the court is deciding on the briefs, without oral argument.

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

For claims or defenses on which the moving party will bear the burden of proof at trial, to be entitled to summary judgment the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) ( Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must

demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

The court begins with TTEC's contention that Searcy's Title VII and ADEA claims are partially time-barred.

A

"It is well settled that courts may not entertain claims brought under Title VII [or the ADEA] as to which an aggrieved party has not first exhausted [her] administrative remedies by filing a charge of discrimination with the EEOC." *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Bernard v. ATC VanCom*, 2005 WL 139110, at *2 (N.D. Tex. Jan. 20, 2005) (Fitzwater, J.)), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). "In deferral states such as Texas, an aggrieved party must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice occurred." *Baldwin v. Kenco Logistics Servs., L.L.C.*, 2022 WL 675808, at *2 (N.D. Tex. Mar. 7, 2022) (Fitzwater J.) (citing 42 U.S.C. § 2000e-5(e)(1)). A "discrete retaliatory or discriminatory act 'occur[s],'" for purposes of the exhaustion requirement, "on the day that it 'happen[s].'" *Nat'l R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). "A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Id.*; *see also id.* at 113 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Discrete discriminatory acts include "termination, failure to promote, denial of transfer, or refusal to hire." *Id*. at 114.

B

TTEC moves for summary judgment on Searcy's Title VII and ADEA claims to the extent that these claims are based on alleged acts of discrimination, harassment, or retaliation that occurred prior to March 6, 2021 (300 days before Searcy filed her charge of discrimination with the EEOC), on the ground that they are time-barred.

In her response brief, Searcy does not identify any discrete acts of discrimination or retaliation that occurred after March 6, 2021.[4] She instead invokes the continuing violation doctrine in an attempt to save her otherwise time-barred claims, contending that

> [b]ecause this is a case partially based on a continuing action, the issues asserted by the Plaintiff existed both before and after 2021. The trainer, training issues, discrimination, retaliation issues, in essence, all of the Plaintiff's claims, interlap and overlap . . . . Furthermore, all of the Plaintiff's claims qualify under the continuing violation doctrine.

P. Br. (ECF No. 40) at 3.

---

[4]To the extent that Searcy bases her Title VII and ADEA claims on her termination, which occurred on March 17, 2021, this claim is not time-barred.

C

"The continuing violation theory relieves a plaintiff of establishing that all of the complained-of-conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 351 (5th Cir. 2001) (citation omitted). The Fifth Circuit has held, however, that this doctrine "applies only in the context of hostile work environment claims." *Nicholson v. W.L. York, Inc.*, 2024 WL 913378, at *4 (5th Cir. Mar. 4, 2024) (per curiam) (citing *Morgan*, 536 U.S. at 122); *see also Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017) ("Claims alleging discrete acts are not subject to the continuing violation doctrine; hostile workplace claims are. Hostile environment claims are 'continuing' because they involve repeated conduct, so the 'unlawful employment practice' cannot be said to occur on any particular day.").

Because the court concludes below that TTEC is entitled to summary judgment on Searcy's Title VII hostile work environment claim, it will assume *arguendo* that this claim is not time-barred.

With respect to Searcy's remaining Title VII and ADEA claims, however, the court grants TTEC's motion for summary judgment. Searcy has not attempted to show, other than by her conclusory assertions, that any of the conduct that occurred prior to March 6, 2021 is related to her March 17, 2021 termination, which is the only act that appears to have occurred within 300 days of the date she filed her EEOC complaint. *See, e.g.*, *Celestine*, 266 F.3d at 352 ("Although there is no definitive standard for what constitutes a continuing violation, the

plaintiff seeking to invoke this doctrine must . . . show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." (citation omitted)).

Accordingly, the court concludes that Searcy cannot recover under Title VII or the ADEA for denials of training opportunities or any other conduct that took place before March 6, 2021, except to the extent that she relies on these allegations to support her hostile work environment claim. The court therefore grants TTEC's motion for summary judgment on Searcy's time-barred claims. *See, e.g.*, *Ramirez v. Univ. of Tex. Sw. Med. Ctr.*, 2005 WL 1017820, at *3 (N.D. Tex. Apr. 28, 2005) (Fitzwater, J.) (holding that plaintiff could not recover under Title VII for conduct that took place 300 days before charge of discrimination was filed, and that plaintiff's contention that it was a continuing violation was conclusory and not supported by evidence).

IV

The court next considers, together, Searcy's claims for race, sex/gender, and national origin[5] discrimination under Title VII (count 1) and age discrimination under the ADEA

---

[5]In her EEOC charge of discrimination, Searcy did not check the box for national origin discrimination or describe any act of discrimination based on her national origin. But because doing so will not change the outcome, the court will assume *arguendo* that Searcy's Title VII national origin discrimination claim is not subject to summary judgment on exhaustion grounds. *Cf. Turner v. Medicenter Bryant*, 2004 WL 1923993, at *1 (N.D. Tex. Aug. 27, 2004) (Cummings, J.) (holding that Title VII complaint is limited to the scope of the EEOC charges filed, and that because certain allegations were not encompassed in charge of discrimination, plaintiff did not exhaust her administrative remedies).

(count 5).

A

It is unlawful under the ADEA "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Title VII makes it unlawful for an employer to discriminate against an employee on the basis of her race, color, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Because Searcy does not offer direct evidence of discrimination,[6] she must proceed under the familiar *McDonnell Douglas*[7] burden-shifting framework. *See, e.g.*, *Sandstad v. CB Richard Ellis, Inc*., 309 F.3d 893, 896 n.2 (5th Cir. 2002) ("This circuit applies the *McDonnell Douglas* rubric to both Title VII and ADEA claims.").

As modified, the *McDonnell Douglas* framework consists of three stages. First, Searcy must establish a prima facie case of discrimination, which "creates a presumption that [TTEC] unlawfully discriminated against [her]." *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981). To establish a prima facie case of discrimination under Title VII, Searcy must show that

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably . . . than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

---

[6]Although Searcy states in her summary judgment response that she "meets both evidence types[,] direct and circumstantial," P. Br. (ECF No. 40) at 4, she has not pointed the court to any direct evidence of discrimination.

[7]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

- 9 -

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam)).  To establish a prima facie case of age discrimination under the ADEA, Searcy must demonstrate that

> (1) she was within the protected class (*i.e.*, she was over 40 years old) at the time of the challenged action; (2) she was qualified for the position; (3) the defendant discharged, refused to hire, or otherwise discriminated against her; and (4) (i) she was replaced by someone outside the protected class, (ii) she was replaced by someone younger, or (iii) the discharge, refusal to hire, or other discrimination was otherwise because of her age.

*Anderton v. Dall. Indep. Sch. Dist.*, 2024 WL 3687101, at *5 (N.D. Tex. Aug. 6, 2024) (Fitzwater, J.) (citing *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321-22 (5th Cir. 2021)).

Second, if Searcy establishes a prima facie case, the burden shifts to TTEC to articulate a legitimate, nondiscriminatory reason for the employment action taken against her. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993).  TTEC's burden is one of production, not proof, and involves no credibility assessments.  *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).

Third, if TTEC meets its production burden, "the presumption of discrimination created by [Searcy's] prima facie case disappears," *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), and "the burden shifts back to [Searcy] to make an ultimate showing of intentional discrimination," *Campbell v. Zayo Grp., LLC*, 2015 WL 3903539, at *3 (N.D. Tex. June 25, 2015) (Fitzwater, J.) (quoting *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439

(5th Cir. 2012)); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).  For her Title VII claim, Searcy must prove either that (1) "[TTEC's] proffered reason is not true but is instead a pretext for discrimination" (pretext analysis) or (2) "[TTEC's] reason, while true, is not the only reason for its conduct, and another 'motivating factor' is [Searcy's] protected characteristic" (mixed-motive analysis).  *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).  Under the ADEA, however, Searcy "must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'"  *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 231 (5th Cir. 2015)).  "The ADEA thus requires a showing of 'but-for' causation."  *Id.* at 475 (citing *Squyres*, 782 F.3d at 231); *see also Reynolds v. Sovran Acquisitions, L.P.*, 650 Fed. Appx. 178, 181 n.4 (5th Cir. 2016) ("The plaintiff's burden of proof under the third stage of *McDonnell Douglas* is thus higher for ADEA claims than for Title VII claims.  For an ADEA claim, the plaintiff must demonstrate that age was a but-for cause of the adverse employment action.  For a Title VII claim, in contrast, the plaintiff need demonstrate only that sex was *a* motivating factor.").  At the summary judgment stage, of course, Searcy is only obligated to raise a genuine issue of material fact regarding pretext.  *See, e.g.*, *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *6 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) ("Because [defendant] has satisfied its burden to produce a legitimate, nondiscriminatory reason for [plaintiff's] discharge, in order for [plaintiff] to survive summary judgment, [s]he must create

a genuine and material fact issue regarding the ultimate question of discrimination.").

"Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (alteration in original) (quoting *Burdine*, 450 U.S. at 253).

B

The court will assume, without deciding, that Searcy has established a prima facie case of discrimination based on one or more protected characteristic—i.e., race, sex/gender, national origin, or age. The burden now shifts to TTEC to articulate a legitimate, nondiscriminatory reason for Searcy's termination. TTEC has met this burden by producing evidence that it terminated Searcy's employment because of her poor performance and failure to complete her PIP goals.

C

Because TTEC has met its burden of production, the burden now shifts back to Searcy to produce evidence that would enable a reasonable jury to find, for her age discrimination claim, that her age was the but-for cause for her termination, and, for her Title VII claim, either that TTEC's proffered reason was pretextual or that a "motivating factor" for Searcy's termination was her race, sex/gender, or national origin. Searcy has failed to meet this burden.

In her summary judgment response, Searcy does not dispute that she failed to complete the goals outlined in the February 2021 PIP or that she was terminated based on

poor performance. Nor does she produce *any* evidence that TTEC's proffered reason for her termination was pretextual; that TTEC was motivated, in part, by her race, sex/gender, or national origin; or that she would not have been terminated "but for" her age. She instead responds with the following conclusory assertion, unsupported by any citation to the summary judgment evidence:

> The Plaintiff has met the responsibility to establish a prima facie case if required, via all of her summary judgment evidence, which consists of her charge, complaint, request for production request and responses, and her deposition excerpts. Furthermore, the Defendant's summary judgment evidence, including alleged reprimands demonstrate a clear nexus with protected activity, adverse employment decision and pretext.

> In summary regarding proof and required elements of all of the Plaintiff's claims, genuine and material fact issues remain. It is assisted by the Plaintiff that she asked, applied, asked, was deceived, and terminated over TTEC's handling of the team lead/trainer debacle. [Searcy] paid the ultimate price because she would not go away and realize her place. [Searcy] was good enough to train Ashley Jessie, but not good enough to be the face of TTEC regarding its new recruits.

P. Br. (ECF No. 40) at 4.

The court "is not required to 'sift through the record' in search of a genuine issue of material fact." *Choe v. Bank of Am., N.A.*, 2014 WL 2438378, at *3 (N.D. Tex. May 30, 2014) (Fitzwater, C.J.) (quoting *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996)), *aff'd*, 605 Fed. Appx. 316 (5th Cir. 2015). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Rule 56(c)(1)(A).  "When citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix."  N.D. Tex. Civ. R. 56.5(c).  Searcy's conclusory assertion—unsupported by a proper citation to the summary judgment record—is insufficient to withstand summary judgment. *See, e.g.*, *Girma v. Compass Bank*, 2006 WL 1499983, at *7 (N.D. Tex. May 31, 2006) (Fitzwater, J.) (citing *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002)); *see also Ramsey*, 286 F.3d at 269 ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996))).

Accordingly, the court grants TTEC's motion for summary judgment and dismisses Searcy's discrimination claims under Title VII and the ADEA.

V

The court turns next to Searcy's retaliation claim under Title VII (count 3).

A

Title VII prohibits employers from "discriminat[ing] against" an employee "because [she] has opposed any practice made an unlawful employment practice" by Title VII or "because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a).  Because Searcy does not rely on direct evidence to support her retaliation claim, she must proceed

- 14 -

under the *McDonnell Douglas* burden-shifting framework.  *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016)

At the first stage of the *McDonnell Douglas* framework, Searcy must demonstrate a prima facie case of retaliation by showing that (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action.  *See Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *9 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).  An employee has engaged in protected activity if she has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a).

If Searcy establishes a prima facie case, the burden of production shifts to TTEC to articulate a legitimate, nonretaliatory reason for the alleged retaliatory action taken.  *See Walker*, 2005 WL 2278080, at *9.  This burden is one of production, not of proof.  *See Wooten v. Fed. Express Corp.*, 2007 WL 63609, at * 16 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009).

If TTEC meets its production obligation, the burden shifts back to Searcy to produce evidence that would enable a reasonable jury to find that retaliation for Searcy's protected conduct, rather than TTEC's proffered legitimate, nonretaliatory reason, was a "but-for cause" of the adverse employment action.  *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) ("Title VII retaliation claims require proof that the desire to retaliate

was the but-for cause of the challenged employment action."); *see also, e.g.*, *Feist v. Louisiana*, 730 F.3d 450, 454 (5th Cir. 2013) ("After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation, which the employee accomplishes by showing that the adverse action would not have occurred but for the employer's retaliatory motive." (internal quotation marks and citations omitted)).  "In order to avoid summary judgment, [Searcy] must show 'a conflict in substantial evidence' on the question of whether [TTEC] would not have taken the action 'but for' the protected activity."  *Id.* (quoting *Long*, 88 F.3d at 308).

B

TTEC moves for summary judgment on Searcy's retaliation claim on the grounds that Searcy did not engage in protected activity and that she cannot show a causal connection between any alleged protected activity and the termination of her employment.  It contends, *inter alia*, that Searcy admitted that she did not report any complaints about discrimination or harassment to TTEC's human resources department; that although Searcy testified in her deposition that she complained to her supervisors about discriminatory behavior, "when pressed for details, [she] either could not give any details or explained that she did not in fact report discriminatory behavior," D. Br. (ECF No. 34) at 12; that TTEC terminated Searcy's employment for failure to complete a PIP and, therefore, Searcy cannot show a causal connection between any alleged protected activity and her termination; and that Searcy cannot show that she would not have been discharged but for any alleged complaint she made.

For largely the same reasons explained above, *see supra* § IV(C), the court grants TTEC's motion for summary judgment on Searcy's retaliation claim. Searcy states in her summary judgment response that "[i]t is assisted by the Plaintiff that she asked, applied, asked, was deceived, and terminated over TTEC's handling of the team lead/trainer debacle. [Searcy] paid the ultimate price because she would not go away and realize her place." P. Br. (ECF No. 40) at 4. Setting aside Searcy's failure to point to any evidence in the summary judgment record that she engaged in protected activity, she has failed to meet her summary judgment burden at the third step of the *McDonnell Douglas* analysis. Searcy neither argues nor cites to any evidence that she would not have been terminated but for her participation in protected activity.

Accordingly, TTEC is entitled to summary judgment dismissing Searcy's Title VII retaliation claim.

VI

The court now turns to Searcy's Title VII hostile work environment claim, which it will assume, without deciding, is not time barred.

To establish a Title VII claim for a hostile work environment based on the conduct of a non-supervisor,[8] Searcy must prove that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected

---

[8]The court assumes that Searcy's supervisors were Rector and Brown. Searcy does not contend that either Rector or Brown harassed her. Nor does she maintain that the hostile work environment she experienced was the result of her supervisors' conduct.

characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. *See EEOC v. WC&M Enters*., 496 F.3d 393, 399 (5th Cir. 2007) (citations omitted).

In its motion, TTEC points to the absence of evidence that Searcy was harassed because of a protected characteristic or that she reported any alleged instances of sexual or other harassment to TTEC's human resources department. Searcy has not responded to this ground of TTEC's motion. This failure does not permit the court to enter a "default" summary judgment on Searcy's hostile work environment claim. *See, e.g.*, *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). But "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs*., 929 F.2d 160, 165 (5th Cir. 1991)). And

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because Searcy has not responded to this ground of TTEC's motion for summary judgment with specific evidence that would raise a fact issue on the third or fifth elements

of her hostile work environment claim, the court grants TTEC's motion for summary judgment dismissing this claim.

## VII

The court now turns to Searcy's disparate impact claim, which she brings under Title VII (count 2).

A disparate-impact claim differs from a disparate-treatment claim. Although, as discussed above, a disparate-treatment claim must include an allegation of intentional discrimination, a disparate-impact claim targets employer practices that "are not intended to discriminate but in fact have a disproportionately adverse effect on minorities." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). "To sustain a disparate-impact claim under Title VII, a plaintiff must (1) identify a specific, facially neutral policy or practice of the employer, and (2) show that the policy or practice has caused a disproportionately adverse effect on a protected class." *Okeke v. Adm'rs of Tulane Educ. Fund*, 2022 WL 1025991, at *6 (5th Cir. Apr. 6, 2022) (per curiam) (citing *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006); *Pouncy v. Prudential Ins. Co. of Am.*, 668 F.2d 795, 799-802 (5th Cir. 1982)).

TTEC moves for summary judgment on Searcy's disparate impact claim on the following grounds: Searcy failed to exhaust her administrative remedies with respect to this claim[9] and she cannot identify a facially neutral policy of TTEC that has a disproportionately

---

[9]TTEC contends that Searcy failed to exhaust her administrative remedies concerning her disparate impact claim because she did not identify a facially neutral policy in her EEOC charge of discrimination. Because the court is granting TTEC's motion for summary judgment on other grounds, it will assume *arguendo* that Searcy exhausted her administrative

adverse effect on a protected class.

Searcy responds that "[t]he use of the 'magic' word policy was admittedly not used [in her EEOC complaint] but the facts unambiguously lead to such conclusion." P. Br. (ECF No. 40) at 5. This conclusory response, which does not even address the required elements of a disparate impact claim, is insufficient to create a genuine issue of material fact.

Accordingly, the court grants summary judgment dismissing Searcy's Title VII disparate impact claim.

VIII

TTEC moves for summary judgment on Searcy's FLSA overtime and retaliation claims on the ground, *inter alia*, that they are time-barred and lack evidentiary support.

Under 29 U.S.C. § 255(a), FLSA claims for unpaid wages, compensation, and liquidated damages are barred if the plaintiff fails to file suit within two years after the cause of action accrued, or within three years for a "willful violation." 29 U.S.C. § 255(a). A violation is willful if the employer "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'" *Reich v. Bay, Inc*., 23 F.3d 110, 117 (5th Cir. 1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). The plaintiff bears the burden of showing that an employer's violation was willful and that a three-year statute of limitations is appropriate. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

─────────────────────

remedies as to this claim.

- 20 -

TTEC moves for summary judgment, *inter alia*, on the ground that Searcy cannot show that TTEC willfully violated the FLSA and, accordingly, the two-year statute of limitations bars her claims.

Although Searcy alleges in her complaint that "[TTEC]'s conduct was willful," Compl. ¶ 56, she does not produce any evidence that would support this conclusory assertion. In fact, she fails even to *address* TTEC's argument that her FLSA claims are time-barred, contending only that she

> was correct to make a FLSA claim based on misclassification regarding duties, roles, and responsibilities. Please [s]ee Plaintiff's deposition page 23 question 17-21 through page 28 question 15 and page 28 through 38. In the backdrop of the trainer/training issue, for [Searcy] not knowing what job hers was, payroll's, supervisors, and or team leads was very taxing confusing.

P. Br. (ECF No. 40) at 5. Accordingly, the court holds that the FLSA's two-year statute of limitations applies. TTEC issued Searcy's final paycheck on April 2, 2021. Her FLSA claims, which were not brought until October 11, 2023—more than two years after her final paycheck—are time barred.[10]

---

[10]To the extent that Searcy alleges an FLSA retaliation claim, and assuming that the FLSA's 3-year statute of limitations applies to this claim based on allegedly "willful" conduct, TTEC is entitled to summary judgment on the alternative ground that Searcy has neither plausibly alleged nor adduced evidence showing that she engaged in protected activity under the FLSA. *See, e.g.*, *Starnes v. Wallace*, 849 F.3d 627, 631-32 (5th Cir. 2017) (FLSA retaliation claim requires "prima facie showing of: (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." (citing *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008)). Searcy's unsupported allegation that "she was retaliated for complaining about such behavior," Compl. ¶ 54, is alone insufficient to withstand TTEC's

IX

Searcy brings a claim under 42 U.S.C. § 1981a(a)(1) (count 6), alleging that TTEC's employees treated her "in a racially hostile manner . . . in the work environment." Compl. ¶ 63. TTEC moves for summary judgment on this claim on the grounds that § 1981a(a)(1) does not create a cause of action and that, to the extent Searcy intended instead to bring her claim under 42 U.S.C. § 1981, this claim would fail for the same reasons that Searcy's Title VII claim fails. The court agrees.

The Civil Rights Act of 1991, 42 U.S.C. § 1981a, provides a prevailing plaintiff in an intentional employment discrimination case the ability to recover compensatory and punitive damages from the defendant. *See* 42 U.S.C. § 1981a(a); *Huckabay v. Moore*, 142 F.3d 233, 241 (1998). This statute, however, does *not* create a new substantive right or an independent cause of action; rather, it "merely enhances the remedies otherwise available for intentional employment discrimination." *Perry v. Dall. Indep. Sch. Dist.*, 1998 WL 614668, at *1 n.1 (N.D. Tex. Sept. 2, 1998) (Fitzwater, J.) (citation omitted). Accordingly, Searcy cannot recover under § 1981a as a claim in and of itself. And because Searcy's Title VII claims lack merit, her right to the relief conferred by § 1981a must also fail. *Id.* The court therefore grants TTEC's motion for summary judgment on Searcy's claim brought under § 1981a(a)(1).

---

motion for summary judgment. *See Ramsey*, 286 F.3d at 269 ( "'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." (quoting *Douglass*, 79 F.3d at 1429)).

\*   \*   \*

Accordingly, for the reasons explained, the court grants TTEC's motion for summary judgment and dismisses this case with prejudice by judgment filed today.

**SO ORDERED**.

April 21, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE